UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RANDY MITCHELL,
    Plaintiff,

vs.                                                                                         03-1306

CHRISTINE BEASLEY, et al.
    Defendants.

ORDER

This cause is before the court for consideration of the defendants' motions to dismiss the plaintiff's second amended complaint. [d/e 53, 55, 59]. The plaintiff was notified that a dispositive motion had been filed and that he needed to file a response within fourteen days, but he has still failed to respond. [d/e 61].

I.  BACKGROUND

The plaintiff, Randy Mitchell, has now filed a Second Amended Complaint pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named seven defendants including Medical Officer Christine Beasley; Warden James Schomig, Correctional Officers John Zook, and Clifford Vela; Lieutenants Benny Dallas and George Fagg and Acting Assistant Warden Michael Melvin. The plaintiff is suing the defendants in their individual capacities only.

The plaintiff's complaint outlines events that occurred on November 26, 2001 in the West Cell House. Defendant Nurse Beasley was handing out medicine and was escorted by Defendant Vela. When they passed the area near the plaintiff's cell, he says another inmate threw a substance onto the two defendants. The plaintiff claims neither stopped or radioed for help, but Defendant Beasley stated that she believe the substance came from the plaintiff's cell. The pair continued passing out medicine and did not report the incident until they reached the "cell house cage." (Comp., p. 5)

The plaintiff claims that if the defendants had stopped and immediately reported the incident, they would have identified the correct assailant. Instead, the defendants accused the plaintiff of throwing the substance on them. The plaintiff says these two defendants violated his due process, equal protection and Eighth Amendment rights.

After the assault, Defendant Fagg came to the plaintiff's cell to move him to another cell house. The officer searched the plaintiff's cell, but found nothing. The plaintiff says he asked for a shake down slip, but his request was refused. Defendant Fagg said a shake down slip was not required. The plaintiff states that this defendant violated his due process, equal protection and Eighth Amendment rights.

1

Defendant Melvin was the duty warden on the night of the assault and the plaintiff claims he is responsible for the actions of his staff. In addition, the plaintiff says Melvin asked the plaintiff what happened, and the plaintiff refused to answer. The plaintiff states this violated his Fifth Amendment rights.

Defendant Zook was with internal affairs and called the plaintiff in to investigate the claims. The plaintiff says he Zook asked him to come to his office and tell his side of the story. The plaintiff refused . Zook then cursed at the plaintiff and threatened to bring criminal charges against him. The plaintiff claims Zook violated his rights under the Fifth, Sixth and Eighth Amendments.

The plaintiff says two disciplinary ticket were written against him. Defendant Dallas was a member of the Adjustment Committee which heard the offense. It is not entirely clear what happened with the tickets from the plaintiff's complaint. Apparently, the plaintiff says their were two hearings. The plaintiff claims Defendant Dallas or one of his staff indicated that the plaintiff refused to attend the first hearing, but the plaintiff claims this is not true. The plaintiff was found guilty.

A second hearing was held a few days later. Defendant Dallas changed the inmate number on this ticket because it was incorrect. Dallas and the others then expunged the second ticket because they found it was repetitive of the ticket they had considered earlier. The plaintiff was also charged with two counts of Aggravated Battery, but a jury found him not guilty.

Lastly, the plaintiff says Defendant Schomig is responsible for the unsafe and unprofessional conduct of his staff. The plaintiff says he brought his allegations to Schomig's attention, but he refused to do anything about it and threw his grievances away. The plaintiff further claims that Schomig had the plaintiff's cell searched every day and threw away some of his legal papers.

The plaintiff is asking for damages.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

III. ANALYSIS

A. EQUAL PROTECTION

The plaintiff makes various references to violations of his equal protection rights, but he has failed to articulate a claim upon which relief can be granted. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." Huebschen v. Department of Health and Social Services, 716 F.2d 1167, 1171 (7th Cir. 1983). The plaintiff's complaint fails to identify that he is a member of a particular class or the defendants discriminated against him because of that membership. The court will dismiss any equal protection claims.

B. NEGLIGENCE

It is not entirely clear whether the plaintiff was attempting to state negligence claims against some defendants for they way they did their jobs. If so, the plaintiff has failed to state a claim pursuant to 42 U.S.C. §1983. A plaintiff must allege more than negligence or even gross negligence in order to state a constitutional violation. Tesch v. County of Green Lake, 157 F.3d 465, 476 (7th Cir. 1998).

C. DEFENDANTS BEASLEY AND VELA

The plaintiff claims that because these defendants did not properly do their jobs and immediately report that an inmate threw a substance on them, they wrongfully accused the plaintiff and violated his due process and Eighth Amendment rights. The plaintiff admits in his complaint that the defendants thought he was responsible for the conduct. The fact that these defendants did not stop and immediately report the incident simply does not state a violation of the plaintiff's constitutional rights. The claims against these two defendants will be dismissed for failure to state a claim upon which relief can be granted.

D. DEFENDANT FAGG

The plaintiff accuses this defendant of failing to fill out a shake down slip after he searched the plaintiff's cell and transported the plaintiff to a new cell house. Again, the plaintiff has failed to articulate a violation of his constitutional rights and this claim must be dismissed.

E. DEFENDANTS ZOOK AND MELVIN

The plaintiff says Defendants Zook and Melvin questioned him about what happened in the cell house when a substance was thrown on a nurse and an officer. The plaintiff further states that Defendant Zook threatened the plaintiff with criminal charges if he did not cooperate in the investigation. The plaintiff says the actions of the defendants violated his First, Fifth and Eighth Amendment rights.

Simply asking an inmate a question or making a verbal threat does not state a violation of the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. "Absent physical contact, a single incident of verbal harassment does nor rise to the level of an Eighth Amendment

violation." Walker v. Akers, 1999 WL 787602 at 5 (N.D.Ill Sept. 24, 1999)

The plaintiff has also failed to allege that either defendant violated his Fifth or Sixth Amendment rights. Neither the constitution nor the laws of the United States guarantee that a plaintiff will receive his Miranda warnings. They guarantee that the plaintiff has the right to be free from self incrimination. *See* Bennett v. Passic, 545 F.2d 1260 (10th Cir.1976); Hensley v. Carey, 818 F.2d 646, 650 (7th Cir.1987). In addition, the plaintiff chose not to answer any questions and therefore did not incriminate himself.

Lastly, from the facts stated in the plaintiff's complaint, he had not been formally charged with a crime at the time he spoke to Defendant Zook. Therefore, his Sixth Amendment right to counsel did not apply. *See* Kirby v. Illinois, 406 U.S. 682, 689 (1972) (right to counsel attaches "at or after the initiation of adversary judicial criminal proceedings--whether by way of formal charge, preliminary hearing, indictment, information, or arraignment"); Rodgers v. Lincoln Towing Services, Inc., 771 F.2d 194, 199 (7th Cir.1985) (right to counsel did not attach because defendant not formally booked or charged).

The plaintiff has failed to state a claim upon which relief can be granted against Defendant Zook or Defendant Melvin.

F. DEFENDANT SCHOMIG

The defendants maintain that the plaintiff has failed to establish that Defendant Warden Schomig had any personal involvement in the allegations against his staff. "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981). In addition, the doctrine of respondeat superior (supervisor liability) does not apply. Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." Vance v Peters, 97 F.3d 987, 992 (7th Cir. 1996). Schomig can not be held responsible simply because he is the warden, and the fact that the plaintiff says he wrote to this defendant is not enough to establish personal responsibility. Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir.1982).

The plaintiff does allege that Warden Schomig ordered shakedowns of his cell and had all his legal property thrown away. An inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability litigate, some concrete legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996) The plaintiff has failed to claim how the denial of his legal papers impacted his ability to litigate.

G. DEFENDANT DALLAS

The allegations against Defendant Dallas are the most difficult to interpret from the plaintiff's complaint. It is clear that the plaintiff says this defendant sat on two adjustment committees that considered the two disciplinary tickets against the plaintiff. During the second hearing, Defendant Dallas changed the inmate number on the ticket because it was incorrect. Dallas and others then expunged the

4

ticket because it was repetitive.  The plaintiff has failed to allege any violation of his constitutional rights.

However, in the first hearing, the plaintiff claims that Defendant Dallas or one of his staff indicated on paperwork that the plaintiff refused to attend the hearing.  The plaintiff says this is not true, and apparently he was found guilty.

The defendants argue that allegations about what Defendant Dallas may have done is not enough to establish personal involvement.  The court finds that the pro se plaintiff at this point in the litigation has adequately alleged that Defendant Dallas is the one who indicated that the plaintiff refused to attend the hearing.  If the defendants can demonstrate in a motion for summary judgement that Defendant Dallas was not personally involved, then he will be dismissed from this lawsuit.

The defendants further argued that the plaintiff has failed to allege that Defendant Dallas violated his due process rights.  The court disagrees.  The minimum requirements of procedural due process are satisfied in the prison disciplinary context when the prisoner is provided with advance written notice in order to inform the prisoner of the charges and to enable the prisoner to marshal the facts and prepare a defense. There must also be at least a brief period of time after receiving notice of the charge, no less than 24 hours, so that the prisoner can prepare for his or her appearance at the disciplinary hearing. The prisoner is entitled to be heard before an impartial decision maker and  must have the opportunity to call witnesses and present documentary evidence, if consistent with the prison's safety and correctional goals. Finally, there must be a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action Wolff v. McDonnell, 418 U.S. 539 (1974). See  Hanrahan v. Lane, 747 F.2d 1137, 1140-1141 (7th Cir. 1984).

The plaintiff adequately alleges that Defendant Dallas denied him the opportunity to be heard on his disciplinary ticket when he falsely indicated that the plaintiff refused to appear for the hearing.   The court finds that the plaintiff has adequately alleged that Defendant Dallas violated his due process rights when he falsely indicated that the plaintiff refused to appear for the first disciplinary hearing on the ticket accusing him of misconduct on November 26, 2001.

## IV. SCHEDULING

The court will abide by the following scheduling deadlines:

1) All discovery must be completed on or before Thursday, December 1, 2005.

2) Any dispositive motions must be filed on or before Friday, January 13, 2005.

## V. PLAINTIFF

The court is concerned that the plaintiff has lost interest in pursing this litigation.  The plaintiff

5

failed to file a response to any of the three motions to dismiss his second amended complaint.  Therefore, the court will order the plaintiff to inform the court within 14 days whether he intends to pursue his surviving claim against Defendant Dallas.  If the plaintiff does intend to continue this lawsuit, he must simply file a document with the court stating that he intends to pursue his claim.  If the plaintiff indicates that he does not want to continue this lawsuit, or does not file a response within 14 days, this lawsuit will be dismissed.

**IT IS THEREFORE ORDERED that**:

**1)   Defendants Beasley, Zook, Vela and Schomig's motion to dismiss the second amended complaint is granted. [d/e 53] The clerk is directed to dismiss these defendants from the lawsuit.**

**2) Defendants Fagg and Melvin's motion to dismiss the second amended complaint is granted. [d/e 59] The clerk is directed to dismiss these defendants from the lawsuit.**

**3) Defendant Dallas' motion to dismiss the second amended complaint is granted in part and denied in part. [d/e 55]   The plaintiff's sole surviving claim is that Defendant Dallas violated his due process rights when he falsely indicated that the plaintiff refused to appear for the first disciplinary hearing on the ticket accusing him of misconduct on November 26, 2001.  The claim is against Defendant Dallas in his individual capacity only.  All other claims are dismissed.**

**4) Defendant Dallas must file an answer to the complaint and any affirmative defenses within twenty-one [21] days of this order.**

**5) The court will abide by the scheduling deadlines in this order.**

**6) The plaintiff must indicate to the court within fourteen [14] days whether he intends to pursue his claim against Defendant Dallas.  The plaintiff must file this statement with the court within the 14 days or his case will be dismissed.**

ENTERED this 31st  day of August, 2005.

                                  **s\Harold A. Baker**
                              _____
                                    HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE