UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RANDY MITCHELL,
    Plaintiff,

vs.                                                              03-1306

CHRISTINE BEASLEY, et al.,
    Defendants.

**ORDER**

This cause is before the court for consideration of various pending motions including: the plaintiff's motion to compel [d/e 72]; the parties motions for summary judgement [d/e 75, 79, 84]; the plaintiff's motion to supplement [d/e 78] and the plaintiff's motion for a court order [d/e 80].

I.  BACKGROUND

The plaintiff, Randy Mitchell, submitted his original complaint pursuant to 42 U.S.C. §1983, on January 22, 2003.   The plaintiff's first motion to amend his complaint was granted on January 21, 2004.   The plaintiff's second motion to amend his complaint was granted on September 21, 2004.

On August 31, 2005, the court found that the plaintiff had one surviving claim: that Defendant Dallas violated the plaintiff's due process rights when he falsely indicated that the plaintiff refused to appear for a disciplinary hearing concerning a November 26, 2001 ticket accusing him of misconduct. *See* August 31, 2005 Court Order.   The plaintiff stated that the defendant denied him an opportunity to be heard on the charges.

On October 11, 2005, the court denied the plaintiff's third motion to amend his complaint based on undue delay and futility. *See* October 11, 2005 Court Order.

II. MOTION TO COMPEL DISCOVERY

The plaintiff has entitled his motion "motion of discovery" and it has been docketed as a motion to compel discovery. [d/e 72]. Nonetheless, this is not a proper motion to compel.  The plaintiff appears to be asking the court to obtain discovery for the plaintiff.  For instance, the plaintiff says some of his grievances are missing and he cannot demonstrate that he exhausted his administrative remedies.  The plaintiff also argues in favor of his surviving claim.

First, it is the plaintiff's responsibility to conduct his own discovery.  Second, the issue of exhaustion is not before the court, and third, the plaintiff has already submitted copies of the

relevant disciplinary report and grievances to the court.  The motion is denied.

### III. MOTION TO SUPPLEMENT

The plaintiff has filed a motion for leave to file a supplement his complaint and has attached what appears to be another amended complaint. [d/e 78] The plaintiff does not state a clear reason for filing an additional complaint other than the fact that he is not a trained lawyer. The plaintiff asks the court to "take all the evidence on all my other complaints and put it with this complaint." (Motion, p. 2)   The plaintiff also is seeking to add Defendants Calvin Taylor, Patty Reider and Guy Pierce to his complaint.

On August 31, 2005, when the court found the plaintiff had one surviving claim against Defendant Dallas, it also noted that "the allegations against Defendant Dallas are the most difficult to interpret from the plaintiff's complaint." *See* August 31, 2005 Court Order.  It was clear that the plaintiff was alleging Defendant Dallas sat on two adjustment committees that considered two disciplinary tickets against the plaintiff.   During the second hearing,  Defendant Dallas changed the inmate number on the ticket because it was incorrect.  Dallas and others then expunged the ticket because it was repetitive.  It is clear from the evidence before the court that two tickets were written by two different officers for the same incident.  Therefore, the second ticket was expunged by the defendant.   The court found no violation of the plaintiff's constitutional rights during this second hearing.

However, in the first hearing, the court found that the plaintiff had adequately alleged that Defendant Dallas denied him the opportunity to be heard on his disciplinary ticket when he falsely indicated that the plaintiff refused to appear for the hearing.  The court also noted that it was not clear whether the defendant was personally involved in this decision, and this would be a proper issue for summary judgement.

Based on the pending motion for summary judgement, it appears Defendant Dallas was not involved in the first hearing.  Therefore the plaintiff is attempting to add the names of two defendants who were involved in the first hearing, Reider and Taylor.  The plaintiff continues to allege that the second hearing somehow subjected him to "double jeopardy" even though the second ticket was expunged.  The plaintiff alleges that Warden Guy Pierce signed off on all the disciplinary action and is therefore responsible and Christine Beasley wrote one of the original disciplinary tickets.

The plaintiff's motion is denied. First, the court does not allow piecemeal amendments. The court cannot combine all previous complaints into one for the plaintiff.  Second, the plaintiff continues to try to add claims that have previously been dismissed.  Third, it is not clear that the warden or Officer Beasley were involved in whether or not the plaintiff was allowed to appear at the first hearing.  And lastly, the plaintiff has not demonstrated why he was unable to name the defendants who were involved in the first hearing until two and a half years after he filed this lawsuit.   The defendants names are clearly listed on the Adjustment Committee's Final Summary Report dated December 6, 2001.  The plaintiff obviously saw this report since it's the very basis

of his charges.  Its this report that states the plaintiff refused to appear before the committee.  A claim he disputes.

In any event, a "'simple lack of knowledge of the identity of the proper party'" does not satisfy the mistake requirement under Rule 15(c)(3)(B).  King v. One Unknown Federal Correctional Officer, 201 F.3d 910, 914 (7th Cir. 2000), *quoting* Baskin v. City of Des Plaines, 138 F.3d 701, 704-05 (1998).

The plaintiff's motion is denied.   The motion is not a proper motion to amend a complaint, it would cause undue delay and does not satisfy the mistake requirement of Federal Rule of Civil Procedure 15.

### IV.  MOTION FOR COURT ORDER

The plaintiff has filed a motion for a court order asking the court to order the Pontiac Correctional Center to give him legal help, additional access to the law library and any pens, papers or copies the plaintiff needs for this lawsuit. [d/e 82]

The motion is denied.  The plaintiff has not pointed to any specific problems he is having in litigating this lawsuit or any other reason he is entitled to the relief that he requests.   The plaintiff has also not demonstrated that he has attempted to use the grievance procedure to resolve any problems he might be having.

### V. MOTIONS FOR SUMMARY JUDGEMENT

The plaintiff has filed two motions for summary judgement [d/e 75, 79] and the defendants have filed one motion for summary judgement. [d/e 85].  The court notes that many of the issues addressed in the plaintiff's motions are not before this court.  The only claim before this court is that Defendant Dallas violated the plaintiff's due process rights during the first disciplinary hearing on a ticket accusing him of misconduct in November or December of 2002.  Therefore, the court will only consider evidence relevant to this surviving claim.

A. FACTS

The following facts are taken from the evidence and affidavits provided with the motions: The plaintiff was written two disciplinary tickets for the same offense   One was written by Medical Technician Christine Beasley and the other was written by Correctional Officer Vela.  Officer Vela's ticket had the plaintiff's I.D. number listed incorrectly.   Both accuse the plaintiff of squirting a liquid substance on the correctional center employees as they walked near his cell.  Both claimed the substance appeared to be feces.

The November 26, 2001 disciplinary ticket written by Christine Beasley was heard on December 6, 2001.  Lieutenant Patty Reider was the Chairperson of the Adjustment Committee.  The final report states that the plaintiff refused to appear at the hearing.   The ticket also clearly

states that Reider is the chairperson and Officer Calvin Taylor also sat in on the ticket. Attached to the ticket is a waiver indicating that the plaintiff was advised of the hearing, but refused to appear.

Lieutenant Dallas served as a Chairperson of the Adjustment Committee on the ticket written by Clifford Vela and heard on December 11, 2001.  Dallas states that the ticket was "dismissed and expunged ...because the ticket written by Christine Beasley for the same offense has already been heard..." (Dallas Aff, p. 2).  Defendant Dallas further states that he was not involved in the first disciplinary hearing concerning Officer Beasley's ticket in any way. (Dallas Aff, p. 1)

B.  LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  A "material fact" is one that "might affect the outcome of the suit."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the nonmoving party.  Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970);  Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992).  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.   Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994).  "Summary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted."  Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

C. ANALYSIS.

Defendant Dallas correctly points out that the plaintiff has failed to demonstrate that he had any personal knowledge or involvement in the first disciplinary hearing in which the plaintiff says he was denied the right to appear.  A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. 1982).   For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . ." Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988).

The evidence before the court demonstrates that Defendant Dallas did not sit on the first Adjustment Committee that is the subject of the plaintiff's surviving claim.  The defendant sat on the second Adjustment Committee which expunged the repetitive ticket.  This is not a violation of the plaintiff's constitutional rights.  The defendants' motion for summary judgment is granted.

**IT IS THEREFORE ORDERED that:**

4

    **1) The plaintiff's motion to compel discovery is denied. [d/e 72]**

    **2) The plaintiff's motion to supplement his complaint is denied. [d/e 78]**

    **3) The plaintiff's motion for a court order is denied. [d/e 80]**

    **4) The plaintiff's motions for summary judgement are denied. [d/e 75, 79]**

    **5) The defendant's motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 84] The Clerk of the Court is directed to enter judgment in favor of the defendant in accordance with this order. The parties are to bear their own costs. This case is terminated.**

    **6)2) The agency having custody of the Plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $150.00.**

    **7) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

    **8) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 12th day of July, 2006.

                              **s\Harold A. Baker**

                         _____
                                HAROLD A. BAKER
                           UNITED STATES DISTRICT JUDGE